IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FLORIDA CARE ALF OF AMELIA ISLAND, INC. | Case No.: <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, as amended to include the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Karissa Trimble, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Florida Care ALF of Amelia Island, Inc. ("Florida Care ALF") discriminated against Ms. Trimble based on her sex, specifically pregnancy, by terminating her employment because of her pregnancy, a condition of her sex (female).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended,

42 U.S.C.§ 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3. The Commission is an Agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

4. The Defendant is a Florida, for-profit corporation.

5. The Defendant's current principal place of business is 1550 Nectarine Street, Fernandina Beach, FL 32034.

6. The Defendant is an assisted living facility ("ALF") that provides housing and medical services to patients.

7. At all relevant times, the Defendant has continuously done business in Florida, and has continuously had at least fifteen employees.

8. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Ms. Trimble filed a charge with the Commission alleging that Defendant violated Title VII and the Pregnancy Discrimination Act.

10. The Commission sent Defendant notice of Ms. Trimble's discrimination charge.

11. The Commission issued a Letter of Determination dated August 3, 2023, finding reasonable cause to believe that Defendant discriminated against Ms. Trimble because of her sex, specifically pregnancy.

12. The Commission engaged in communications with Defendant to provide the Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Ms. Trimble is a certified nursing assistant (CNA).

16. In early April 2022, Ms. Trimble started working with Arbor Medical Staffing of Florida, Inc. ("Arbor") to find a CNA position in the Jacksonville area.

17. That same month, Ms. Trimble was placed at Florida Care ALF.

18. She began her first shift there on April 26th.

19. During that shift, Ms. Trimble and another CNA met Facilities Manager Jastacia "Stacy" Veal.

20. Ms. Veal introduced herself to Ms. Trimble and the other new CNA as the manager, went over the rules and expectations, and gave them information on how to care for each patient.

21. Ms. Veal also gave Ms. Trimble her phone number and told her to call during her shift if she had any questions or concerns.

22. Ms. Trimble reasonably believed that Ms. Veal was her supervisor.

23. At all times relevant to this charge, Florida Care ALF Administrator Collette Burgess had authority to hire and fire employees.

24. At all times relevant to this charge, Ms. Burgess designated Ms. Veal with the responsibilities of "Acting Manager," meaning that Ms. Veal had the authority to act or execute on behalf of the Administrator.

25. Thus, at all times relevant to this charge, Ms. Veal also had authority to hire and fire employees.

26. Ms. Veal also had authority to set schedules for employees.

27. Ms. Veal's additional duties and responsibilities at Florida Care ALF included overseeing the nursing department and CNAs; making sure the CNAs were following their job duties and responsibilities; assisting the Administrator in planning, organizing, staffing, directing, and coordinating of the facility; and being knowledgeable about and implementing federal, state, and local laws and regulations as they applied to the facility, residents, and personnel.

28. During Ms. Trimble's May 2nd shift, Ms. Veal told Ms. Trimble to text her with her availability for the following week and that she would assign her schedule.

29. During that same shift, Ms. Trimble told another employee she was pregnant. At the time, Ms. Trimble was approximately four weeks pregnant.

30. The next day, Ms. Trimble texted Ms. Veal, as requested, with her availability to work the following week.

31. In response, Ms. Veal texted Ms. Trimble, "Hi, are you pregnant?"

32. Ms. Trimble replied, "Yes".

33. Ms. Veal then texted Ms. Trimble, "OK since you are [pregnant], unfortunately I can't use you."

34. Ms. Trimble replied back, "I don't know what that has to do with anything. . . . Isn't it illegal to discriminate"?

35. Ms. Veal replied that she was "[n]ot discriminating", but she would not schedule her while pregnant, "for safety reasons. You could get hurt."

36. Ms. Trimble was qualified for the job and could perform the job of CNA.

37. Nonetheless, Ms. Trimble understood Ms. Veal's text messages to mean that Florida Care ALF had decided to terminate her employment.

38. That evening, Ms. Veal called Ms. Trimble, confirmed that she was terminated, and said, "I have a supervisor. I am just doing what I was told to do."

39. Ms. Veal also notified Arbor that Ms. Trimble had been terminated.

40. Ms. Trimble was terminated from Florida Care ALF because she was pregnant.

41. Throughout her employment with Florida Care ALF, Ms. Trimble never received a negative performance review or write-up.

42. Ms. Trimble has suffered damages as a result of the conduct described herein.

**STATEMENT OF CLAIMS**

COUNT I
[Termination Because of Pregnancy—Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k)]

43. Plaintiff incorporates by reference the allegations in paragraphs 15-42 as if fully set forth herein.

44. Florida Care ALF engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 20003(k), by subjecting Ms. Trimble to sex discrimination. Specifically, Florida Care ALF discriminated against Ms. Trimble based on her sex by terminating her because of her pregnancy, a condition of her sex (female).

45. The effect of the practices complained of in the foregoing paragraphs has been to affect the terms and conditions of employment for Ms. Trimble, to deprive Ms. Trimble of her equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy, a condition of her sex (female).

46. The unlawful practices complained of in paragraphs 15-42 were intentional and caused Ms. Trimble to suffer emotional distress including, but not

limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and/or physical damages.

47. The unlawful practices complained of in paragraphs 15-42 were done with malice or with reckless indifference to the federally protected rights of Ms. Trimble.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from participating in discriminatory conduct based on sex and pregnancy;

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women;

C. Order Defendant to make Ms. Trimble whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, included but not limited to, front pay;

D. Order the Defendant to make whole Ms. Trimble whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above including, but not limited to, job search expenses, medical-related expenses, and other out-of-pocket losses in amounts to be determined at trial;

E. Order Defendant to make Ms. Trimble whole by providing compensation for past and future nonpecuniary losses resulting from unlawful employment practices

described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  F. Order the Defendant to pay Ms. Trimble punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 26, 2023

    Respectfully submitted,

    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

    GWENDOLYN YOUNG REAMS
    Acting General Counsel
    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    131 M Street, N.E.
    Washington, DC 20507

    ROBERT E. WEISBERG
    Regional Attorney
    Florida Bar No. 285676

    BEATRIZ BISCARDI ANDRE

Supervisory Attorney
Florida Bar No. 74874

*/s/ Erica Selig*
Erica Selig
Trial Attorney
Lead Counsel for Plaintiff EEOC
Florida Bar No. 120581
Erica.Selig@eeoc.gov
U.S. Equal Employment
Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
(786) 648-5898